IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YURI KELWIM NOVAES DE OLIVEIRA    :         CIVIL ACTION
                                  :
            v.                    :
                                  :
J.L. JAMISON, et al.              :         NO. 26-4891


ORDER

AND NOW, this 21st day of July 2026, based on the
undisputed facts and for the reasons stated in Coelho Lopes v.
Jamison, No. 26-234, 2026 WL 299991 (E.D. Pa. Feb. 4, 2026),
Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026),
Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th
1258 (11th Cir. 2026), and Lopez-Campos v. Raycraft, 175 F.4th
713 (6th Cir. 2026),[1] it is hereby ORDERED that:

(1)  the Petition for Writ of Habeas Corpus by Yuri
Kelwim Novaes de Oliveira is GRANTED;

(2)  Yuri Kelwim Novaes de Oliveira is not subject to
mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead

---

[1]    The court, as did the government in their response,
interprets the petition as raising the issue of the lawfulness
of mandatory detention under 8 U.S.C. § 1225(b)(2) and whether
petitioner should be subject to detention, if at all, pursuant
to the discretionary provisions of 8 U.S.C. § 1226(a).  In the
alternative, the court agrees with the petition that the
continued detention of petitioner without a prompt, neutral, and
individualized hearing violates due process.  See Barbosa da
Cunha v. Freden, 175 F.4th 61, 94 (2d Cir. 2026); Lopez-Campos
v. Raycraft, 175 F.4th 713, 732 (6th Cir. 2026).

subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

(3)  The Government shall RELEASE Yuri Kelwim Novaes de Oliveira from custody immediately and shall certify compliance with this Order by filing said certification on the docket no later than 12:00 P.M. EST on July 22, 2026;

(4)  Upon his release, the Government is required to return any personal property of Yuri Kelwim Novaes de Oliveira, including his identification documents, and any other belonging that he had on his possession when detained;

(5)  The Government is temporarily enjoined from re-detaining Yuri Kelwim Novaes de Oliveira for seven days following his release from custody;

(6)  If the Government chooses to pursue re-detention of Yuri Kelwim Novaes de Oliveira after that seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

(7)  Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Yuri Kelwim Novaes de Oliveira from the Eastern District of Pennsylvania before the ordered bond hearing.  If the immigration judge determines that Yuri Kelwim Novaes de Oliveira

2

is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the undersigned to move Yuri Kelwim Novaes de Oliveira if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination.  The Court will then determine whether to grant the request and to permit his transfer; and

(8) The clerk of Court shall mark this case CLOSED.


BY THE COURT:


/s/  Harvey Bartle III
                                                    J.